# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY F. CHAMBERS,<br><br>                    Plaintiff,<br><br>   v.<br><br>JOHN A. KNIGHT, *et al.*,<br><br>                    Defendants. | Case No. 18-cv-02906-BAS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANTS;**<br><br>**(2) DENYING REQUEST FOR DEFAULT JUDGMENT AGAINST DEFENDANT KNIGHT;**<br><br>**AND**<br><br>**(3) GRANTING REQUEST FOR SERVICE OF THE FIRST AMENDED COMPLAINT AND SUMMONS PURSUANT TO RULE 4(f)(2)(C)(ii)**<br><br>**[ECF No. 7]** |

*Pro se* Plaintiff Jody Chambers moves *ex parte* for three forms of relief. (ECF No. 7.) First, Chambers requests entry of default against Defendants John A. Knight, Colin Lucas-Mudd and Aitekz PLC, collectively, the "Defendants." Second, "in the alternative" to entry of default against all Defendants, Chambers requests a default

judgment on the original complaint against Defendant Knight. Finally, although Chambers contends that she properly served all Defendants, Chambers requests an order directing the Clerk of the Court to serve the FAC on all three Defendants at their respective addresses in the United Kingdom pursuant to Rule 4(f)(2)(C)(ii). For the reasons herein, the Court: (1) grants in part and denies in part Chambers' request for entry of default against all Defendants, (2) denies Chambers' request for entry of a default judgment on the original complaint against Defendant Knight, and (3) grants Chambers' request for service of the FAC and summons on the Defendants pursuant to Rule 4(f)(2)(C)(ii).

**RELEVANT BACKGROUND**

On December 31, 2018, Chambers filed a complaint against the Defendants, alleging, *inter alia*, that Defendants "owe Chambers money for services rendered," the "reasonable value" of which Chambers estimates to be $82,500, excluding interest. (ECF No. 1 ¶¶ 1, 35, 38, 41, 44.) Defendants Lucas-Mudd and Knight are allegedly domiciled in the United Kingdom, although they conduct business in the United States through Defendant Aitekz PLC, particularly in California. (*Id*. ¶¶ 2–4, 6–8.) In addition to his United Kingdom domicile, Knight allegedly maintains a residence in California. (*Id.* ¶ 8.) Defendant Aitekz PLC is alleged to be a public limited company organized under the laws of England, with a registered office address in England. (*Id*. ¶¶ 4–5.) Against these Defendants, Chambers (1) asserted claims under California Business & Professions Code § 17200 *et seq.* for unlawful, fraudulent, and unfair business practices, (*id*. ¶¶ 20–26); (2) requested an "accounting," (*id*. ¶¶ 27–29); (3) requested appointment of a receiver for Aitekz PLC under California Code of Civil Procedure § 564(a), (*id*. ¶¶ 30–33); (4) requested a "book account," (*id*. ¶¶ 34–38); (5) requested an "account stated," (*id.* ¶¶ 39–41); and (6) requested an order for payment for "work, labor, and services provided," (*id.* ¶¶ 42–44).

A summons issued for the original complaint on December 31, 2018. (ECF No. 2.) On February 4, 2019, Chambers filed proof of service of the complaint and summons. (ECF No. 3.) The document contains an affidavit from a registered process server who attests that he personally delivered the complaint and summons to Defendant Knight at the California residence referenced in the complaint on January 30, 2019. (*Id.* at 1.) The document also contains an affidavit from Chambers in which she attests that she mailed a copy of the complaint and summons through the United States Postal Service to Lucas-Mudd, Knight, and Aitekz PLC at their United Kingdom addresses on January 2, 2019. (*Id.* at 2–4.) Finally, attached to the document as an exhibit is an email thread between Lucas-Mudd and Stephen Yunker, a San Diego-based attorney, concerning this lawsuit. (*Id.* at 3, Ex. A.) The thread consists of a December 30, 2018 email before Chambers commenced this suit and a January 29, 2019 email, the latter of which purports to assess whether Chambers properly served Defendant Knight or can obtain a default judgment. (*Id.* Ex. A at 1–2.)

Chambers subsequently filed the First Amended Complaint ("FAC") on March 7, 2019. (ECF No. 5.) The FAC retains the same Defendants, yet adds a new claim for "breach of contract for bonus." (*Id*. ¶¶ 45–52.) No Defendants have responded to the original complaint or to the FAC. The Court now turns to Chambers' present *ex parte* motion. (ECF No. 7.)

## ANALYSIS

### A. Requests for Entry of Default and Default Judgment

Rule 55 establishes a "two-step process" for obtaining entry of default and a default judgment against a defendant. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the plaintiff must request and establish that entry of default is appropriate. Fed. R. Civ. P. 55(a). Entry of default is appropriate "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" *Id.* Second, once the Clerk of the Court enters default against the defendant, the plaintiff must request entry of a default judgment. Fed. R. Civ. P. 55(b).

A default may not enter against a defendant unless the plaintiff has properly served the defendant. *See Bd. of Trs. of the Laborers Health & Welfare Tr. Fund for N. Cal. v. Bowdy*, No. 18-cv-01702-TSH, 2018 WL 7569333, at *4 (N.D. Cal. Dec. 17, 2018); *Sheet Metal Workers Local 104 Care Tr. v. Nichols Plumbing & Heating, Inc.*, No. 15-cv-04260-KAW, 2016 WL 8313928, at *5 (N.D. Cal. Dec. 19, 2016); *Miramontes v. Mills*, No. CV 11-08603 MMM (SSx), 2012 U.S. Dist. LEXIS 50327, at *3–4 (C.D. Cal. Apr. 5, 2012). Rule 4 of the Federal Rules of Civil Procedure governs whether a plaintiff properly served a defendant and thus bears on whether the court possesses jurisdiction over a defendant. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). Until the plaintiff properly serves the defendant under Rule 4, the defendant cannot be charged with having legally sufficient notice of the action, nor may a court properly exercise personal jurisdiction over the defendant. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988) (service of process is a "formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action"); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (personal jurisdiction requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Direct Mail Specialists,*

*Inc.*, 840 F.2d at 688 ("[W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987))).

Chambers requests entry of default against all Defendants. (ECF No. 7.) Alternatively, Chambers requests entry of a default judgment on the original complaint against Defendant Knight. (*Id.*) To determine whether Chambers is entitled to any of this relief, the Court must consider whether Chambers properly served the Defendants. Defendants Lucas-Mudd and Aitekz PLC were not properly served in the United Kingdom under Rule 4(f) and, therefore, Chambers is not entitled to entry of default against them. Entry of default, however, is proper against Defendant Knight because Chambers properly served him under Rule 4(e). Finally, although Defendant Knight is in default, the Court denies Chambers' request for a default judgment against him.

### 1. Entry of Default Against Defendants Lucas-Mudd and Aitekz PLC

Chambers concedes that Defendants Lucas-Mudd and Aitekz PLC are not within a judicial district in the United States and, therefore, must be served pursuant to Rule 4(f). Rule 4(f) permits service of a summons and complaint on an individual, other than a minor, an incompetent person, or a person whose waiver has been filed, at a place not within any judicial district of the United States, by several methods. Fed. R. Civ. P. 4(f)(1)–(3). Rule 4(h)(2) permits service on a foreign corporation in any manner prescribed by Rule 4(f). Fed. R. Civ. P. 4(h)(2). There is no time limit for when a plaintiff must complete service pursuant to Rule 4(f). *See* Fed. R. Civ. P. 4(m). Thus, the only issue is whether Chambers effectuated proper service on Defendants Lucas-Mudd and Aitekz PLC pursuant to one of the methods Rule 4(f) specifies.

Chambers contends that she properly served Defendants Lucas-Mudd and Aitekz PLC pursuant to Rule 4(f)(2)(A) because she mailed these Defendants a copy of the complaint and summons to their addresses in the United Kingdom through the United States Postal Service. (ECF No. 7 ¶¶ 1–7, 13.) Chambers has not submitted proof of any documents mailed to these Defendants; intead, she has filed affidavits in which she attests to mailing the underlying documents. (ECF Nos. 3, 7.) Chambers further contends that these Defendants are in default because they have not responded to this litigation, although they were properly served. (ECF No. 7 ¶ 14.) The Court disagrees with Chambers' contentions.

Chamber did not poperly serve Defendants Lucas-Mudd and Aitekz PLC under Rule 4(f)(2)(A). Under this provision, a plaintiff may effectuate service on a defendant, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction[.]" Although Chambers raises various arguments about the propriety of her mail service on Defendants Lucas-Mudd and Aitekz PLC under English and Welsh law, (ECF No. 3; ECF No. 7 ¶ 3–7), the Ninth Circuit has already determined that Rule 4(f)(2)(A) does not embrace service by international mail. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004); *see also Emine Tech. Co. v. Aten Int'l Co., Ltd*., No. C 08-3122 PJH, 2008 WL 5000526, at *4 (N.D. Cal. Nov. 21. 2008). Thus, Chambers cannot rely on Rule 4(f)(2)(A) to argue that she properly served Defendants Lucas-Mudd and Aitekz PLC by unilaterally sending them a copy of the summons and complaint by mail.

Chambers further contends that mail service was proper because she attempted service on Defendants Lucas-Mudd and Aitekz PLC in accordance with

this Court's decision in *Hawkins v. Bank of America, N.A.*, No. 17-cv-1954-BAS-AGS, 2018 WL 1616941 (S.D. Cal. Apr. 4, 2018). (ECF No. 3 ¶ 3; ECF No. 7 ¶ 4.) Chambers' reliance on *Hawkins* is misplaced.

In *Hawkins*, this Court granted a party's request that the Clerk of the Court serve a copy of the complaint and summons on a defendant in Japan pursuant to Rule 4(f)(2)(C)(ii) because the plaintiff's efforts to serve the defendant through Japan's Central Authority pursuant to Rule 4(f)(1) were unsuccessful. *Hawkins*, 2018 WL 1616941, at *1–3. Under Rule 4(f)(2)(C)(ii), proper service occurs through the Clerk of the Court. Specifically, service is completed "by . . . using any form of mail that *the clerk addresses and sends to the individual and that requires a signed receipt*." Fed. R. Civ. P. 4(f)(2)(C)(ii) (providing that such service may be used "if there is no intentionally agreed means, or if an international agreement allows but does not specify other means" an individual may be served "by a method that is reasonably calculated to give notice: . . . unless prohibited by the foreign country's laws") (emphasis added). "The evident purpose of the addressing requirement is to ensure the mailing of process arrives with the imprimatur of the court, increasing the likelihood that the package will be opened and taken seriously." *Mintel Learning Tech., Inc. v. Ambow Educ. Holding, Ltd.*, No. 5:11-CV-01504-EJD, 2011 U.S. Dist. LEXIS 126893, at *6 (N.D. Cal. Nov. 2, 2011). Chambers cannot rely on *Hawkins*, nor on Rule 4(f)(2)(C)(ii), to establish that she properly served Defendants Lucas-Mudd and Aitekz PLC. She did not request permission from this Court to serve these Defendants pursuant to Rule 4(f)(2)(C)(ii) and, more critically, the Clerk of the Court did not address and send the complaint and summons to Defendants Lucas-Mudd and Aitekz PLC.

Chambers identifies no other grounds by which service on Defendants Lucas-Mudd and Aitekz PLC in the United Kingdom would be proper, nor can the Court

discern any. Because these Defendants were not properly served, they are not in default. Accordingly, the Court denies Chambers' request for entry of default against Defendants Lucas-Mudd and Aitekz PLC.

### 2. Entry of Default and Default Judgment Against Defendant Knight

Chambers requests entry of default and default judgment against Defendant Knight. (ECF No. 7 (ECF No. 7 at 1; *id.* ¶ 15.) The Court concludes that only entry of default is proper.

***Entry of Default.*** Chambers has shown that entry of default against Defendant Knight is warranted. Pursuant to Rule 4(e), "[u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by . . . (A) delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Service under Rule 4(e) must be completed within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *SEC v. Internet Solutions for Bus., Inc.,* 509 F.3d 1161, 1163 (9th Cir. 2007). Chambers has submitted an affidavit from a registered process server, in which the process server states that he personally delivered the original complaint and summons to Defendant Knight on January 30, 2019 at Defendant Knight's California residence. (ECF Nos. 3, 4; ECF No. 7 ¶ 10.) Because this affidavit constitutes *prima facie* evidence of proper service, Defendant Knight has the burden to establish by "strong and convincing proof" that service was improper. *Internet Solutions for Bus., Inc.*, 509 F.3d at 1167. Defendant Knight cannot meet this burden now because he has not appeared. Accordingly, the Court concludes that service was properly and timely effectuated on Defendant Knight pursuant to Rule 4(e).

Defendant Knight was required to respond to the original complaint no later than February 20, 2019, which was 21 days after service of the complaint and summons. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Knight failed to respond by the deadline to do so and he has not otherwise appeared. These failures warrant entry of default against Defendant Knight. *See* Fed. R. Civ. P. 55(a). Therefore, the Court grants Chambers' request for entry of default against Defendant Knight.

***Entry of Default Judgment.*** Once a default has entered against a defendant, the plaintiff may request entry of a default judgment. Fed. R. Civ. P. 55(b). Chambers requests that the Court enter a default judgment against Defendant Knight on the original complaint. (ECF No. 7 at 1; *id.* ¶ 15.) The Court declines to do so now.

Entry of default "does not automatically entitle the plaintiff to a court-ordered judgment." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances[.]" *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). A district court possesses broad discretion over whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

This Court's discretion to enter a default judgment against Defendant Knight is presently limited. When a plaintiff raises claims against multiple defendants and such claims rely on the same underlying factual allegations, a court should refrain from exercising its discretion to enter a default judgment until the claims against the non-defaulting defendants are resolved. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) ("[W]here there are several defendants, the

transgressions of one defaulting party should not ordinarily lead to the entry of a final judgment[.]"); *Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved as to all."). Chambers asserts the same claims against all Defendants and relies on the same factual allegations. (*See generally* FAC.) Although Defendant Knight is in default, Defendants Lucas-Mudd and Aitekz PLC were not properly served and, therefore, they are non-defaulting defendants. Until the claims against the presently non-defaulting defendants are resolved, the Court cannot grant Chambers' request for a default judgment against Defendant Knight.

## B. Request for Service under Rule 4(f)(2)(C)(ii)

Chambers requests that the Court serve the FAC on all Defendants at their addresses in the United Kingdom pursuant to Rule 4(f)(2)(C)(ii). (ECF No. 7 ¶ 13.) Chambers initially framed her request as one made "in an abundance of caution" to ensure that all Defendants could not challenge the propriety of service. (*Id.* ¶ 11.) Based on the Court's foregoing analysis, however, Chambers still needs to effectuate service of the summons and complaint on Defendants Lucas-Mudd and Aitekz PLC. Chambers also requests service of the FAC on Defendant Knight pursuant to Rule 4(f)(2)(C)(ii) based on the requirements of Rule 5(a)(2). (*Id.* ¶ 13.) The Court addresses Chambers' requests in turn and grants each request.

### 1. Defendants Lucas-Mudd and Aitekz PLC

Of the methods Rule 4(f) permits for service of the summons and complaint on a defendant located abroad, the Rule "does not denote any hierarchy or preference of one method of service over another." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Thus, a plaintiff may use any method, as appropriate, to effectuate service on a defendant located abroad. The Court

concludes that it is proper to grant Chambers' request for service of the FAC and summons on Defendants Lucas-Mudd and Aitekz PLC pursuant to Rule 4(f)(2)(C)(ii).

Pursuant to Rule 4(f)(2)(C)(ii), "if there is no intentionally agreed means, or if an international agreement allows but does not specify other means" an individual may be served "by a method that is reasonably calculated to give notice: . . .unless prohibited by the foreign country's laws, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(2)(C)(ii). There is a relevant international agreement governing service on defendants in the United Kingdom because the United Kingdom is a signatory to the Hague Convention. Article 10(a) of the Hague Convention permits service of process by mail "so long as the receiving country does not object." *Brockmeyer*, 383 F.3d at 803. The United Kingdom has not objected to Article 10(a) and thus service may be effectuated on a defendant in the United Kingdom by mail. *Id.*; *Jenkins v. Pooke*, No. C 07-03112 JSW, 2009 WL 412987, at *2 (N.D. Cal. Feb. 17, 2009). Because "[e]xplicit, affirmative authorization for service by international mail is found only in Rule 4(f)(2)(C)(ii)," a plaintiff generally must rely on this Rule to serve a defendant located in the United Kingdom by mail. *Brockmeyer*, 383 F.3d at 804–05. Thus, this Rule is a proper basis for serving Defendants Lucas-Mudd and Aitekz PLC.

Embedded in Rule 4(f)(2) is the additional requirement that the method of service used "is reasonably calculated to give notice[.]" Fed. R. Civ. P. 4(f)(2). This means that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Properties, Inc.*, 284 F.3d at 1016–17 (quoting *Mullane v. Cent. Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 314 (1950) (Jackson, J.)). Chambers has submitted evidence which shows that service by mail in accordance with Rule 4(f)(2)(C)(ii) is reasonably calculated to give notice to Defendants Lucas-Mudd and Aitekz PLC. Specifically, these Defendants apparently were already aware of this lawsuit before Chambers filed it and are expressly aware that the complaint and summons were served on Defendant Knight in California and sent to the Defendants in the United Kingdom. (ECF No. 3 Ex. A.) Under these circumstances, the Court concludes that service of the FAC and summons on these Defendants in accordance with Rule 4(f)(2)(C)(ii) is "reasonably calculated" to give these Defendants notice of this action. Accordingly, the Court grants Chambers' request for service of the FAC and summons on Defendants Lucas-Mudd and Aitekz PLC at their registered addresses in the United Kingdom pursuant to Rule 4(f)(2)(C)(ii).

### 2. Defendant Knight

Chambers also requests that the Court serve the FAC on Defendant Knight pursuant to Rule 4(f)(2)(C)(ii) based on the requirements of Rule 5(a)(2). Rule 5(a)(2) provides that generally "[n]o service is required on a party who is in default for failing to appear" for certain specified "papers." Fed. R. Civ. P. 5(a)(2). The Rule, however, requires that "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." *Id.* Although Defendant Knight is in default, Chambers has filed an amended pleading that adds a new claims for relief. (ECF No. 5.) Thus, the FAC must be served on Defendant Knight in accordance with Rule 4.

It is not clear from Chambers' motion whether she is unable to effectuate service of the FAC on Defendant Knight at his California residence pursuant to Rule 4(e). So long as Defendant Knight is located within a judicial district of the United States, Chambers may properly serve the FAC on him through personal delivery or

any other method specified in Rule 4(e), subject to Rule 4(m)'s 90-day deadline. Even so, "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). In accordance with Rule 4's flexibility and given that Defendant Knight is alleged to be domiciled in the United Kingdom, the Court concludes that it is proper to grant Chambers' request for service of the FAC on Defendant Knight at his registered address in the United Kingdom pursuant to Rule 4(f)(2)(C)(ii).

## CONCLUSION & ORDER

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Court **GRANTS** Plaintiff's request for entry of default against Defendant Knight. The Clerk **SHALL ENTER DEFAULT** against Defendant Knight.

2. The Court **DENIES** Plaintiff's requests for: (1) entry of default against Defendants Lucas-Mudd and Aitekz PLC and (2) entry of default judgment against Defendant Knight on the original complaint.

3. The Court **GRANTS** Plaintiff's request for service of the FAC and summons on the Defendants pursuant to Rule 4(f)(2)(C)(ii). At Chambers' expense, the Clerk shall serve each Defendant by sending via United States Postal Service international express mail, return receipt requested, and also via FedEx one copy of the First Amended Complaint (ECF No. 5) and the Summons (ECF No. 3).

4. Chambers is **ORDERED** to ensure that the Clerk has the requisite pre-paid and pre-addressed international express mail and FedEx envelopes to carry out this Order.

**IT IS SO ORDERED.**

**DATED: April 30, 2019**

Hon. Cynthia Bashant
United States District Judge