UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY F. CHAMBERS,<br><br>                          Plaintiff,<br><br>   v.<br><br>JOHN A. KNIGHT,<br><br>                          Defendant. | Case No. 18-cv-02906-BAS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT JOHN KNIGHT'S MOTION TO SET SIDE DEFAULT JUDGMENT (ECF No. 29); AND**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On January 9, 2020, the Clerk of the Court entered default judgment against Defendant John A. Knight. (ECF No. 26.) On March 6, 2020, Knight filed a motion to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 29 ("Mot.").) *Pro se* Plaintiff Jody F. Chambers opposes. (ECF Nos. 31 ("Opp'n"), 34.) On September 9, 2020, the Court held an evidentiary hearing on the motion. (ECF No. 49.) For the following reasons, the Court **GRANTS** Knight's motion, **VACATES** the default judgment, and **DISMISSES WITHOUT PREJUDICE** this action for lack of subject matter jurisdiction.

# I. BACKGROUND

## A. Default Judgment

Plaintiff commenced this action on December 31, 2018, against three defendants: Knight, Colin Lucas-Mudd, and Aitekz PLC. (ECF No. 1 ¶¶ 4, 6–8.) Knight and Lucas-Mudd are alleged to be directors of Aitekz PLC, an AI machine learning enterprise. (*Id.*) All are allegedly domiciled within the United Kingdom. (ECF No. 5 ¶¶ 2–8 (First Am. Compl. ("FAC")).) Plaintiff alleged, *inter alia*, that the defendants "owe [her] money for services rendered," the reasonable value of which was estimated by Plaintiff to be $82,500, excluding interest. (FAC ¶¶ 1, 44.) Plaintiff's action originally involved seven claims, but she voluntarily dismissed with prejudice the three claims against Lucas-Mudd and Aitekz PLC—leaving Knight as the sole defendant. (ECF No. 12.)

The Clerk granted an entry of default against Knight on April 30, 2019. (ECF No. 9.) The Court then granted default judgment on claim six, but the Court requested that Plaintiff submit more information to allow it to determine the appropriate damages, interest, and costs. (ECF No. 16.) After the Court held an evidentiary hearing, the Clerk entered a judgment on January 9, 2020, awarding Plaintiff $82,147 in damages, $15,954.15 in prejudgment interest, and $655 in costs, and all other counts against Knight were dismissed. (ECF Nos. 23, 25–26.)

## B. Knight's Rule 60(b)(4) Motion

On March 6, 2020, Knight moved to set aside the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), foremostly alleging a lack of subject matter jurisdiction due to a lack of complete diversity among the parties.[1] (Mot. 4:22–6:14.) Knight insists he is domiciled in California, which would destroy diversity among the parties. (*Id.* at 5:16–22.) He has produced a sworn declaration and deed to his California residence as evidence. (ECF No. 29-1 ¶¶ 5–8 ("Knight Decl."); ECF No. 29-1 ("Exhibit #1").)

---

[1] Knight also, alternatively, puts forth a Rule 60(b)(1) argument on grounds of mistake, alleging his lawyers advised him he was not culpable due to his role in Aitekz PLC. (Mot. 6:15 –10:24.)

In her opposition and sur-reply, Plaintiff contests Knight's Rule 60(b)(4) motion. She argues that, due to his inaction in responding to her allegations with a Federal Rule of Civil Procedure 12(b)(1) motion, Knight has admitted by default that he is domiciled in the United Kingdom.[2] (Opp'n 3.) Therefore, Plaintiff argues, this Court has already determined there to be diversity. (*Id.*) Plaintiff also points toward a U.K. government website that lists Knight as an officer of Aitekz PLC and states that he is a resident of England as proof of his U.K. domicile. (*Id.* at 2.)

Moreover, Plaintiff argues that Knight's Rule 60(b)(4) motion is neither timely nor capable of success because the jurisdictional error was not extreme enough for the Court to lack an "arguable basis" for jurisdiction. (*Id.* at 6.) Additionally, Plaintiff dismisses Knight's U.S. citizenship and California driver's license and states that they are irrelevant in determining his domicile and that presumption should be given to his previously established domicile in the UK. (*Id.* at 12.) Finally and generally, Plaintiff underscores that allowing the Rule 60(b)(4) motion to succeed would violate the principle of res judicata. (*Id.* at 13.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) states that a court may relieve a party from a final judgment, order, or proceeding where any of the following are shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Additionally, the Ninth Circuit has long recognized a principle that default judgments are disfavored. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

---

[2] To clarify, after Knight submitted his Motion to Set Aside Judgment (ECF No. 29), Plaintiff filed her Opposition (ECF No. 31). Knight then replied to Plaintiff's Opposition (ECF No. 32), and Plaintiff submitted a sur-reply entitled the "Hearing Memorandum" (ECF No. 34). Knight was granted permission to file a sur-sur-reply. (ECF Nos. 38, 39.)

In the case at hand, Knight argues chiefly that the judgment is void pursuant to Rule 60(b)(4). (Mot. 4:22–6:14.) "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). However, a complete lack of jurisdiction "must be distinguished from an error in the exercise of jurisdiction." *United Student Aid Funds Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Only "rare instances of a clear usurpation of power" will void a judgment. *Id.* (quoting *United States v. Bach Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990)). Thus, most courts considering Rule 60(b)(4) motions generally reserve relief for those cases in which the court rendering judgment lacked even an "arguable basis" for jurisdiction. *Id.* (quoting *Nemazier v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

### III. ANALYSIS

The Court will first address several threshold issues raised by Plaintiff: whether Knight can bring a Rule 60(b)(4) motion, whether Knight's motion is timely, and whether the "arguable basis" standard applies to the motion. Next, the Court reviews the standard for a factual attack on subject matter jurisdiction, which led to the Court holding an evidentiary hearing. Finally, the Court sets forth its factual findings from the evidentiary hearing and determines whether the default judgment is void.

#### A. Knight's Right to Bring a Rule 60(b)(4) Motion

Plaintiff generally argues that because Knight had knowledge of the suit as it was ongoing and willingly chose not to respond, this Court should not accept his Rule 60(b)(4) motion as a substitute for a Rule 12(b)(1) motion that could have been raised earlier. (Opp'n 3.) Plaintiff instead urges the Court to adhere to the principle of res judicata. (*Id.* at 13.)

It is true that Rule 60(b)(4) motions must strike a balance between the need for finality and for the full and fair opportunity to litigate a dispute, and a Rule 60(b)(4) motion should not simply be a substitute for a Rule 12(b)(1) motion or a "timely appeal." *See*

*Espinosa*, 559 U.S. at 270, 276.  However, because here Knight never appeared in this case, the balance shifts in his favor:

> When a defendant named in a default judgment challenges it as void for lack of subject matter jurisdiction, the standard of review often turns on whether the defendant participated in the proceedings leading up to the judgment. Sometimes, the defendant never shows up at all . . . .  In that case, the defendant is usually free to challenge the existence of subject matter jurisdiction in a later proceeding, and so the district court must review the jurisdictional question afresh as if it faced a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) during the underlying litigation.
>   A different standard applies, however, when the defendant appeared during the proceedings resulting in the default judgment but then declined to pursue a direct appeal.  Even if the defendant did not litigate the specific issue of subject matter jurisdiction, he had a chance to do so, meaning that principles of res judicata apply.  In that posture, we treat the default judgment like any other final judgment.

*Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 221 (4th Cir. 2019) (citations omitted).

That Knight had knowledge of Plaintiff's suit and still chose not to respond is no matter, for "no action of the parties can confer subject-matter jurisdiction upon a federal court . . . . [A] party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).  Indeed, "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding."[3]  *Id.* at 706.  Therefore, a proper Rule 60(b)(4) motion must be considered, and a court must set aside a void judgment because it "is a legal nullity."  *See Watts*, 752 F.2d at 410 (quoting *Jordan v. Gilligan*, 500 F.2d 701, 710 (6th Cir. 1974)).  In

---

[3] In fact, the Ninth Circuit interpreted a Rule 60(b)(4) motion in comparable circumstances as a direct rather than collateral proceeding, as the motion directly challenged the judgment at hand as void. Res judicata principles do not apply to such a motion.  *See Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985).

sum, the principle of res judicata does not apply in these circumstances as Plaintiff suggests. Knight has the right to bring a Rule 60(b)(4) motion.

### B. Timeliness of the Rule 60(b)(4) Motion

Plaintiff also argues that Knight's Rule 60(b)(4) motion is untimely under Rule 60(c)(1), which states that a Rule 60(b) motion must be made within a reasonable time, a standard that depends on the facts of each case but that is capped at one year for Rule 60(b)(1–3) motions. *See also Lemoge v. United States*, 587 F.3d 1188, 1996 (9th Cir. 2009). The Ninth Circuit and its sister circuits have, however, often given great leniency to Rule 60(b)(4) motions in particular. *See Meadows v. Dom. Rep.*, 817 F.2d 517, 521 (9th Cir. 1987); *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985); *see also, e.g.*, *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1179 (D.C. Cir. 2013). Indeed, since "a void judgment cannot acquire validity through the passage of time," *Norris v. Causey*, 869 F.3d 360, 365 (5th Cir. 2017), it is widely held that a motion to vacate a judgment as void "may be made at any time," *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 124 (2d Cir. 2008). *Accord Sea–Land Service, Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849, 852 (1st Cir.1998).

Here, the default judgment and its costs in favor of Plaintiff were confirmed on January 8, 2020, and Knight filed his motion to set aside the default judgment approximately two months later on March 6, 2020. (ECF No. 25; Mot.) This timeline is reasonable, particularly in light of the leniency shown toward Rule 60(b)(4) motions. Therefore, Knight's Rule 60(b)(4) motion is timely. *See* Fed. R. Civ. P. 60(c)(1).

### C. Applicability of the Arguable Basis Standard

Apart from general res judicata concerns and timeliness, Plaintiff argues that the Court possessed an arguable basis for jurisdiction that should prevent the judgment from being voided. (Opp'n 6.) "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *Berke*, 170 F.3d at 883. As Plaintiff notes, however, a mere error in exercising

subject matter jurisdiction is not enough to justify relief; a court must have had no arguable basis to support a finding of jurisdiction. *Espinosa*, 559 U.S. at 271. Courts generally reserve relief under Rule 60(b)(4) for "the exceptional case[s]" and "rare instances of a clear usurpation of power." *Id.* (quoting *Bach Oldsmobile, Inc.*, 909 F.2d at 661–62).

In *Espinosa*, the Supreme Court stopped short of detailing the "precise circumstances in which a jurisdictional error will render a judgment void," but there is a notion that the "arguable basis" principle applies only in circumstances in which a defendant has appeared, and therefore not where a default judgment was entered after the defendant neglected to appear. *See* 559 U.S. at 271; s*ee also Hawkins*, 935 F.3d at 221, *Bell Helicopter*, 734 F.3d at 1181. This distinction recognizes that there is a difference between a defendant who appears in court and is given a fair chance to challenge subject matter jurisdiction but fails to do so, and an absentee defendant who declines to appear at all, preferring to stake his chips on the bet that a court has improper jurisdiction over him. By not appearing and allowing a default judgment, the latter is taking both the risk of subjecting his assets to the judicial process and the risk of losing his chance to argue the merits of the suit if his jurisdictional bet is wrong. *Bell Helicopter*, 734 F.3d at 1181. Applying the arguable basis standard in such circumstances would unfairly "create a high risk" toward those defendants "who choose not to appear." *See id.* The Court finds this distinction persuasive. Therefore, the arguable basis standard is inapplicable to Knight's motion because he never appeared in the case to begin with.

### D. Viewing the Rule 60(b)(4) Motion Afresh

As the court in *Hawkins* stated, when a defendant does not show up and challenges subject matter jurisdiction under a Rule 60(b)(4) motion, the issue should be reviewed "afresh" as if it were a Rule 12(b)(1) motion. 935 F.3d at 221. Indeed, as the Ninth Circuit wrote in *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016), "we see no reason to depart" from the standard used in Rule 12(b)(1) motions when analyzing Rule 60(b)(4) motions for relief from a default judgment.

In doing so, the Ninth Circuit held that whether subject matter jurisdiction has been established turns on whether the movant brings a facial or factual challenge. *NewGen, LLC*, 840 F.3d at 614. Facial attacks accept the truth of a plaintiff's allegations but challenge the sufficiency of the way they are pleaded, while factual attacks contest the truth of the allegations. *Id.* (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). Facial attacks are not fatal and are easily remedied by leave to amend the allegations, which a court then accepts as true. *Id.* Factual attacks, on the other hand, force a plaintiff to provide proof to support jurisdiction, and the court then decides the factual dispute for itself. *Id.*

Knight's Rule 60(b)(4) motion makes a factual attack that contests the truth of Plaintiff's allegation that he was domiciled in the United Kingdom. Knight argues he is, in fact, domiciled in California, thereby destroying complete diversity between the parties. (Mot. 4:22–6:14.) Under 28 U.S.C. § 1332(a)(1), district courts possess original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the action is between citizens of different states. Whereas under 28 U.S.C. § 1332(a)(2), they possess original jurisdiction over actions between citizens of a state and citizens or subjects of a foreign state, unless the citizen or subject of the foreign state is a lawful permanent resident in the United States who is domiciled in the same state as the opposing party.

In challenging Plaintiff's domicile allegation, Knight produced a sworn declaration stating that he moved to the United States "on or about 2000," has "been an American citizen for over 15 years," has a U.S. passport and a California driver's license, pays taxes in California, has resided with his wife at their shared domicile in California since 2012, and resides in California "approximately 46 weeks every year." (Knight Decl. ¶¶ 5–8.) Knight also produced the 2012 deed to his California house. (Exhibit #1.)

Because Knight challenged Plaintiff's jurisdictional allegations with a factual attack, the Court need not accept her allegations as true. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983). However,

in the absence of an evidentiary hearing, disputes in the facts pertinent to subject-matter jurisdiction are viewed in the light most favorable to the opposing party. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). Here, to avoid any doubt, the Court found it appropriate to hold an evidentiary hearing to conclusively resolve the issue of Knight's domicile.

### E.  Evidentiary Hearing and Findings

Prior to the evidentiary hearing, the Court invited the parties to submit any documentary evidence. (ECF No. 40.) They did so. (ECF Nos. 45, 47.) Further, Knight requested to appear by videoconference technology (Zoom) because otherwise he would have to travel from Los Altos Hills to San Diego, California, for the hearing; he is 77 years old; and his health puts him at higher risk if he were to contract COVID-19. (ECF No. 41.) Plaintiff objected to Knight's request. (ECF No. 44.)

At the hearing held on September 9, 2020, the Court overruled Plaintiff's objection to Knight appearing by Zoom in light of Knight's age, health, and the COVID-19 pandemic. (ECF No. 49.) Knight was then placed under oath and questioned by the Court and cross-examined by Plaintiff. In light of the evidence heard, the Court makes the following findings.

1. The Court finds Knight to be credible. He was forthcoming with his responses to questions, including on cross-examination, and his testimony was consistent and convincing.
2. Knight resides with his spouse at a home they own in Los Altos Hills, California. Knight lived at the same residence when this case was filed.
3. Knight has a California driver's license, which he has had since 1992. The license lists his residence's address in Los Altos Hills.
4. Knight has a U.S. Passport and is a citizen of the United States. He has been a citizen since 2001.
5. Knight pays taxes in California, has a bank account in California, and is registered to vote in California.

6. Knight owns a home in Salisbury, England. He most recently lived in this home between 2008 and 2012. Knight originally rented the house when his spouse took their two daughters back to the United Kingdom for education in 2003. The house was later purchased when it became available on short notice from the landlord. The home was later used by Knight's eldest daughter when attending the University of North England. The house is now for sale.

7. Knight pays taxes in the United Kingdom due to pension income, but he is not registered to vote there.

8. Although certain U.K. government corporate filings list Knight as a usual resident of the United Kingdom, including filings dated during 2016 and 2017, Knight was not then a usual resident of the country.

9. When Knight last visited the United Kingdom, he intended to return to California.

10. Knight has not renounced his U.K. citizenship. He retains his U.K. passport primarily for convenience while traveling and visiting relatives.

### F. Knight's Domicile

"[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* at 749–50 (alteration in original) (quoting *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). Further, "a person's old domicile is not lost until a new one is acquired. A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Id.* at 750 (citations omitted). Factors to consider for determining domicile include: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of

employment or business, driver's license and automobile registration, and payment of taxes." *Id.*

Plaintiff urges the Court to apply the presumption delineated in *Lew*, 797 F.2d at 750, that favors a defendant's established domicile (allegedly the United Kingdom in this case) against an allegedly newly acquired one (California). This presumption shifts the burden of production to the defendant to avoid a summary determination, while the plaintiff still retains the burden of proof on the issue of domicile. *See id.* at 751. Here, Plaintiff argues Knight has not met his burden of production to rebut the presumption that he is domiciled in the United Kingdom. *See id.* ("[Defendant] Moss was required, however, to produce enough evidence to substantiate his claim of a change in domicile to withstand a motion for directed verdict.").

The defendant in Lew argued he had recently changed his domicile to Hong Kong, while the plaintiff argued his established domicile was in California. *Id.* at 750–51. The Ninth Circuit found the defendant did not meet his burden of production, as he: (1) had been living for less than a year in his newly acquired domicile of Hong Kong; (2) had been living in various hotels rather than renting an apartment; (3) was not accompanied by his wife or family; (4) returned various times to his California home; and (5) had recently renewed his California driver's license. *Id.* at 752. The defendant in *Lew* could not substantiate his intent to remain in Hong Kong indefinitely, and thus could not avoid a summary determination on this issue. *Id.*

Based on the Court's findings above, the Court concludes the presumption in *Lew* is inapplicable. Knight did not recently move to California. He has permanently resided in the state since 2012. In addition, unlike the defendant in *Lew* who had been staying in various hotels in Hong Kong without his family, Knight's spouse lives in California with him in a home they have owned since 2012. Moreover, putting the *Lew* presumption aside, the Court ultimately finds that Knight was domiciled in California at the time this case was filed. Beyond the facts just mentioned, Knight pays taxes in California, is registered to vote in the state, and has a California driver's license. Further, when he leaves California

to visit the United Kingdom, he intends to return to the state. And although Knight owns a home in England, pays some taxes there, and is listed on certain U.K. government corporate filings as a usual resident of the United Kingdom, the Court finds this evidence is significantly outweighed by factors indicating California is Knight's domicile. Finally, the Court notes that Plaintiff served Knight twice at his home in California, which undercuts her allegation that he is domiciled in the United Kingdom. (ECF Nos. 4, 13.) Therefore, the Court finds Knight is domiciled in California, and California was his domicile when this case was filed. *See Lew*, 797 F.2d at 749–50.

Because Knight was domiciled in California when Plaintiff brought this action, the Court lacked diversity jurisdiction. *See* 28 U.S.C. § 1332(a). And since this Court lacked subject matter jurisdiction over this dispute, the Court's default judgment is void for purposes of Rule 60(b)(4). *See Berke*, 170 F.3d at 883. The Court thus grants Knight's motion and vacates the default judgment.

### G.  Dismissal Without Prejudice

Having vacated the default judgment, the Court considers whether the case should be dismissed. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court's resolution of Knight's Rule 60(b)(4) motion reveals there is no basis for jurisdiction over Plaintiff's action. Consequently, the Court must dismiss this case without prejudice. *See id.*; *see also, e.g.*, *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert [her] claims in a competent court.").

//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Knight's motion to set aside the default judgment (ECF No. 29). The Court **VACATES** the default judgment (ECF Nos. 17, 26). Finally, the Court **DISMISSES WITHOUT PREJUDICE** this action for lack of subject matter jurisdiction. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: September 28, 2020

Hon. Cynthia Bashant
United States District Judge